[S. F. No. 1455.   Department One.—December 31, 1900.]

## NOLAN BROS. SHOE COMPANY, Respondent, v. W. H. NOLAN, Appellant.

TRADE NAME—CHANGE OF BUSINESS—INFRINGEMENT.—The mere use of a trade name by persons engaged in one business does not infringe upon the use of the same name by other persons engaged in another business.

ID.—USER BY DIFFERENT PERSONS IN WHOLESALE AND RETAIL SHOE BUSINESS—INJUNCTION.—The wholesale shoe business is distinct from the retail; and the use of the same trade name by persons engaged for ten years in the wholesale shoe business, and by different persons engaged in the retail shoe business for a longer period, does not confer a right upon a successor to the wholesale business, who has closed it out, to use the same trade name in the retail shoe business, and he may be enjoined from so doing.

ID.—PRIOR USE OF TRADE NAME—USER BY OTHERS IN DIFFERENT BUSINESS—ACQUIESCENCE.—The prior use of the trade name by those engaged in the retail business, and their mere acquiescence in or failure to object to its use by other persons engaged in the wholesale business, by the use of which the retail dealers were not injured, does not preclude them from objecting to the change of its use by either of such persons to the retail business.

ID.—ABANDONMENT OF USE—USE OF ADDITIONAL TRADE NAMES.—The use of a trade name is not abandoned by temporary disuse, in the absence of a showing of general abandonment to the public; and the temporary use of other additional trade names in connection with the continued use of the one in controversy does not indicate an abandonment or neutralize the effect of the user thereof.

ID.—TRADE NAME EMBODIED IN CORPORATE NAME—INJUNCTION SUIT BY CORPORATION.—The persons entitled to use the trade name in the

retail shoe business may incorporate and embody the trade name in the name of the corporation, and such incorporation may sue to enjoin an infringement of the trade name.

ID.—USE OF CORPORATE NAME PRIOR TO INCORPORATION.—The mere use of the trade name embodied in the corporate name, in the same form of name. for two years prior to the formation of the corporation, does not show a fraud upon the public.

ID.—CHANGE OF WHOLESALE BUSINESS TO RETAIL—RIGHTS OF SUCCESSOR TO WHOLESALE BUSINESS.—The successor to a wholesale business can only acquire the right to use the trade name in that business. Where such business has been closed out and is changed to a retail business, it is extinct, and has no successor; and the one who succeeded thereto has no right to use such trade name in the retail business, as successor thereto, to the detriment of the plaintiff.

ID.—FAMILY NAME AS TRADE NAME—USE OF APPELLATION.—Where a family name does not merely stand alone, but has the appellation "Bros." appended thereto, it may be used as a trade name and will be protected as such.

ID.—USE OF FAMILY NAME—DECEPTION OF PUBLIC—RELIEF IN EQUITY.— The use of a family name upon a sign in a manner clearly indicating an intent to mislead and deceive the public, to the injury of the plaintiff, will be restrained by a court of equity.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting an injunction. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

W. S. Goodfellow, and James L. Robison, for Appellant.

The use of tags by P. F. Nolan falsely indicating and representing that the business conducted by him was owned and conducted by a corporation, was a fraud on the public, by which he could not acquire any right. (*Coleman etc. Co. v. Dannenberg Co.*, 103 Ga. 784.[1]) So far as P. F. Nolan or the plaintiff corporation claims the right to use the name "Nolan Bros." as assignees or successors of the original firm of Nolan Bros., composed of P. F. Nolan and J. C. Nolan, the claim is untenable, because "an assignee or purchaser of a trademark from the original proprietor must, in the use thereof, indicate that he is assignee or purchaser, or he will not be entitled to protection in the use of the mark so assigned." (*Stachelberg v.*

---

[1] 68 Am. St. Rep. 143.

*Ponce*, 23 Fed. Rep. 430.)   It is uncontradicted that the plaintiff's predecessor, P. F. Nolan, himself not using the name of Nolan Bros., even sold goods to the defendant and his brother, charging them on billheads of P. F. Nolan and P. F. Nolan & Sons to Nolan Bros.   This was clearly a case of abandonment of the name, and acquiescence in its use by defendant and his partner.   (*Menendez v. Holt*, 128 U. S. 514; *Saxlehner v. Eisner etc. Co.*, 91 Fed. Rep. 536-38; *Royal Baking Powder Co. v. Raymond*, 70 Fed. Rep. 376; *Raymond v. Royal Baking Powder Co.*, 85 Fed. Rep. 231.)   W. H. Nolan could not be deprived by any arrangement of other brothers to which he was not a party of the right to use his own true name in collocation with that of another brother, to denote truthfully the fact that the firm of which he was a member was in fact a partnership of brothers of the name of Nolan.   (*Williams v. Farrand*, 88 Mich. 473; *Fish Bros. Wagon Co. v. La Belle Wagon Works*, 82 Wis. 546.[2])   The family name of a tradesman or manufacturer cannot be made a trademark so as to exclude the right to its use by another bearing the same family name, if not so used as to clearly indicate a fraudulent intent to mislead the public.   (*Marshall v. Pinkham*, 52 Wis. 572[3]; *Brown Chemical Co. v. Meyer*, 139 U. S. 540; *American Cereal Co. v. Pettijohn Cereal Co.*, 72 Fed. Rep. 903; *Meneely v. Meneely*, 62 N. Y. 427.[4])   The injunction is mandatory, and could not be granted before trial.   (*Hagen v. Beth*, 118 Cal. 330.)   It is too broad, and should at most only enjoin an improper use of the name that the appellant is entitled to use.   (*Von Mumm v. Witteman*, 91 Fed. Rep. 126; *Fish Bros. Wagon Co. v. Fish Bros. Mfg. Co.*, 87 Fed. Rep. 203-07; *Duryea v. National Starch etc. Co.*, 79 Fed. Rep. 651, 653.)

James F. Smith, Smith & Murasky, C. W. Lynch, and F. G. Drury, for Respondent.

There was no abandonment of the use of the trade name "Nolan Bros." by P. F. Nolan.   (Brown on Trademarks, sec. 681; *Julian v. Julian Hoosier Drill Co.*, Am. Tr. M. Cas. (Price

[2] 33 Am. St. Rep. 72.          [4] 20 Am. Rep. 489.

[3] 38 Am. Rep. 756.

CXXXI. Cal.—18

& Steuart), 572, 573.) There was no fraud upon the public in the use of the name "Nolan Bros. Shoe Company" for two years prior to the incorporation by that name. (*Block v. Standard Distilling etc. Co.*, 95 Fed. Rep. 979.) The successors of a partnership are entitled to use the partnership name in the same business without indicating succession. (*Banks v. Gibson*, Cox Man. Tr. M. Cas. 248; *Caswell v. Hazard*, 121 N. Y. 495[5]; *Leather Cloth Co. v. American Leather Cloth Co.*, 4 De Gex, J. & S. 137, 143; 11 H. L. Cas. 334; *Feder v. Benkert*, 70 Fed. Rep. 612, 613.) A person cannot use his own name to palm off his own commodities as those of another person, to the deceit of the public and the injury of such other person. (*England v. New York Publishing Co.*, 8 Daly, 375; *Rogers Mfg. Co. v. Rogers etc. Mfg. Co.*, 11 Fed. Rep. 495; *Crofts v. Day*, 7 Beav. 84; *Holloway v. Holloway*, 13 Beav. 209; *Meneely v. Meneely*, 62 N. Y. 427[6]; *Chas. S. Higgins Co. v. Higgins Soap Co.*, 144 N. Y. 462.[7]) The injunction is prohibitory, and it was proper to prohibit the use of the pirated trade name used in the same business as that of the plaintiff in invasion of plaintiff's rights. (*Weinstock, Lubin & Co. v. Marks*, 109 Cal. 537[8]; *Shaver v. Shaver*, 54 Iowa, 208.[9])

GAROUTTE, J.—Two brothers by the name of Nolan were engaged for ten years in carrying on a wholesale shoe business in the city of San Francisco under the name of "Nolan Bros." One brother sold his interest in the business to the other, and that brother (W. H. Nolan) shortly thereafter closed out the wholesale business and opened up a retail shoe business at another point in the city under the name of "W. H. Nolan & Co., Successor to Nolan Bros." A third brother, P. F. Nolan, had been engaged in the retail shoe business in the city of San Francisco for twenty-two years, some of this time in company with J. C. Nolan, a brother, and some of the time joined with one or more of his sons. In the year 1895, and shortly after the defendant W. H. Nolan had launched his retail shoe business upon the world, P. F. Nolan changed his business into a corporation under the name of "Nolan Bros. Shoe Company,"

[5] 18 Am. St. Rep. 833.
[6] 20 Am. Rep. 489.
[7] 43 Am. St. Rep. 773.
[8] 50 Am. St. Rep. 57.
[9] 37 Am. Rep. 195.

and thereupon that company brought this action to restrain defendant in the conduct of his business from using the trade name "Nolan Bros." The action is based upon the claim that such use is an infringement upon the rights of plaintiff to the use of the name "Nolan Bros."

It is asserted upon the part of defendant that plaintiff allowed him to use the name "Nolan Bros." in the conduct of his shoe business for a period of ten years without objection, and that it is now too late to attack his right to its use. Whatever legal effect this long term of use might have as against plaintiff's claims, if defendant had been engaged in the retail shoe business, we will not decide; for during that period of time defendant was only engaged in the wholesale shoe business, and for that reason no occasion or necessity arose for plaintiff to make any objection. The use of the name by the defendant did not interfere with plaintiff's business, and hence it was an immaterial matter to him. Plaintiff was not injured by the use of the name, and therefore was not concerned in the use. If defendant had been using the name "Nolan Bros." for these ten years in the conduct of the plumbing business, plaintiff surely could not have objected. It does not appear from the showing here made that defendant's wholesale shoe business interfered with plaintiff's retail shoe business to any degree; and without a showing of injury plaintiff had no right, under these circumstances, to object to defendant's use of the name any more than if the defendant had been engaged in the plumbing business. The mere use of a trade name in one business does not give a party a right to its use in any other business. We therefore attach no importance to the use of the name "Nolan Bros." by defendant for ten years without objection upon the part of plaintiff; and we hold that the case stands exactly as though defendant engaged in the retail shoe business, never having been in the wholesale business.

Upon the foregoing assumption, has plaintiff such an interest in the name "Nolan Bros." as to be entitled to an order restraining defendant from making use of it; and this depends upon whether or not plaintiff's predecessor in interest had established a right to the use of the trade name "Nolan Bros." in the retail shoe business when defendant started his retail

shoe business? We will not give the evidence in great detail
upon this question. While to some extent it may be said to
be conflicting, yet we deem it ample to support the restrain-
ing order made by the trial court, to the effect that the de-
fendant's use of the name was an interference with plain-
tiff's rights. Plaintiff's predecessor in interest had been carry-
ing on the retail shoe business in the city of San Francisco
twenty-two years or more; and in a great many ways, and cer-
tainly for a great portion of that time, was doing business
under the name of "Nolan Bros." The evidence before us of
abandonment of the name by plaintiff's predecessor in inter-
est does not establish the fact. The fact that the name
"Nolan & Sons" was used as a trademark for a certain period
of time by plaintiff's predecessor in interest is but a circum-
stance, and not at all sufficient, of itself, to prove an abandon-
ment. "A person may temporarily lay aside his mark and re-
sume it without having in the meantime lost his property in
the right of its use. Abandonment in the nature of a for-
feiture must be strictly proven." (Browne on Trademarks, sec.
681.) In *Julian v. Julian Hoosier Drill Co.*, Am. Tr. M. Cas.
572, 573, it is said: "Abandonment means general abandon-
ment to the public, and must be shown affirmatively and posi-
tively as affecting the interests of the public." At no time
during the period of twenty-two years was the name "Nolan
Bros." absent from the place of business. For fourteen years
continuously prior to the commencement of this action four
metallic signs in conspicuous places upon the front of the
store bore the trade name "Nolan Bros." For thirteen years
immediately prior to the commencement of the action, within
the doorway of the store, a large glass sign carried over its
front the words "Nolan Bros." For the same length of time
a large sign bearing the words "Nolan Bros.," so that all could
see it, was visible from the office door; and for the past two
years prior to the commencement of this action it is conclu-
sively established by affidavits that the business was in all sub-
stantial respects carried on under the name of "Nolan Bros."
The fact that other trade names may have been used by plain-
tiff for a short period of time in connection with the one here
involved cannot neutralize the effect of the evidence quoted.

Our conclusion is that this evidence greatly lacks in showing an abandonment of the right of plaintiff to use the name "Nolan Bros."

*Coleman etc. Co. v. Dannenberg Co.*, 103 Ga. 784,[10] is cited to support the contention that P. F. Nolan could not, by using the name "Nolan Bros. Shoe Co." two years before incorporation, acquire any right to the use of the name "Nolan Bros." It is claimed upon this point that the use of tags by P. F. Nolan, conspicuously indicating and representing that the business conducted by him was owned and conducted by a corporation, was a fraud on the public by which he could not acquire any right. On examination we find the case cited fails to support the contention, while *Block v. Standard etc. Co.*, 95 Fed. Rep. 978, is the other way.

It is next claimed "that defendant had the absolute right to use a sign indicating that he was the successor to Nolan Bros., 10-12 Sutter street, that being the fact." What we have already said is opposed to this contention. The wholesale business carried on by defendant and his brother in another portion of the city is not the same business now carried on by defendant. The latter is a separate, distinct, and different business, and, the statement upon the sign that he (defendant) is a successor of the business formerly conducted under the name of "Nolan Bros., 10-12 Sutter street," is not correct. No one succeeded to that business and it had no successor. The business became extinct, and the sign does not express the facts.

It is insisted that "the family name of a tradesman or manufacturer cannot be made a trademark so as to exclude the right to its use by another bearing the same family name." This contention is sound to a limited extent only. If the name is used in a manner clearly indicating an intent to mislead and deceive the public, then the use of the name will be restrained by a court of equity. The first answer to appellant's contention in this regard is found in the fact that it is not a use of the family name "Nolan," standing alone, to which objection is made, but it is a use of the name "Nolan Bros."; and in a case like that at bar the principle of law invoked seems to have no application. Furthermore, it is shown by the affidavits:

---

[10] 68 Am. St. Rep. 143.

"That the said defendant established a retail boot and shoe business at Nos. 1022 and 1024 Market street . . . . and over such store placed a large sign containing the words and figures. following, to wit: 'W. H. Nolan & Co., Successor to Nolan Bros., 10-12 Sutter street.' That the words 'W. H. Nolan & Co., successor to' and the words and figures '10-12 Sutter street,' are in such small and inconspicuous letters and figures. that the same cannot be read at a distance of more than seventy-five feet or one hundred feet, while the words 'Nolan Bros.,' are in such large and conspicuous letters and so prominently displayed that the same may be readily seen and read for a distance of nearly three hundred feet thereof." It is also stated in the affidavits of various parties that said sign is a deceptive sign, and is calculated to deceive the public, and lead the public, the dealers and buyers of boots and shoes and footwear, and the patrons and customers of plaintiff to believe that the plaintiff is conducting a retail boot and shoe store, and a branch place of business at Nos. 1022 and 1024 Market street. It is further shown that almost daily, ever since the establishment of said store by said defendant at Nos. 1022 and 1024 Market street, the salesmen of plaintiff have encountered many of the buyers of boots and shoes and the customers and patrons of plaintiff, who have purchased shoes at the store of defendant under the impression and belief that they were dealing with the plaintiff. Under the foregoing facts appellant's contention upon the proposition that he has here advanced is undermined. (*England v. New York Pub. Co.*, 8 Daly, 375.)

The remaining propositions advanced by appellant are not considered meritorious.

For the foregoing reasons the order is affirmed

Van Dyke, J., and Harrison, J., concurred.