AULTZ et al. v. ZUCHT et al.   (No. 6167.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 26, 1919.)

1. APPEAL AND ERROR ⊜⟿736—ASSIGNMENTS OF ERROR.

An assignment of error embracing more than one ruling of the trial court cannot be considered.

2. APPEAL AND ERROR ⊜⟿725(2)—ASSIGNMENTS OF ERROR—SPECIFYING OBJECTIONS.

Assignment of error complaining of overruling of motion to strike out an amended answer was deficient in failing to show what change was made in the pleading.

3. PLEADING ⊜⟿420(1)—AMENDMENT—TIME— WAIVER OF OBJECTIONS.

Agreement, after amendment had been permitted, that the court should render final judgment on the pleadings and evidence before the court, waived an objection relating to the time of filing the amended pleading.

4. TRADE-MARKS AND TRADE-NAMES ⊜⟿1— USE OF BUSINESS NAME.

Words, such as "Union Painless Dentists," may become so associated with the business or avocation of certain persons in a certain locality, as to lose their primary meaning and come to signify the business carried on by such persons and constitute a trade-name.

5. TRADE-MARKS AND TRADE-NAMES ⊜⟿21— USE OF BUSINESS NAME.

That the same name may have been used in other cities by other persons will not deprive users of protection against its use in the city in which it has been used exclusively by them until it has come to stand for their business.

6. TRADE-MARKS AND TRADE-NAMES ⊜⟿93(3) —EVIDENCE.

Evidence held to support finding that the words "United Painless Dentists," in view of circumstances surrounding their use, were so similar to the words "Union Painless Dentists" as to mislead the public and to make the use thereof constitute unfair competition.

7. TRADE-MARKS AND TRADE-NAMES ⊜⟿87— OWNERSHIP OF NAME—TRANSFER.

That partners in the dental business under a trade-name permitted a corporation organized by them to use such name in the business of dealing in and manufacturing dental supplies, which constituted no competition with their practice of dentistry, did not prevent them from asserting their right to the use of such name in conducting the dentistry business, as against persons infringing thereon in conducting the dentistry business.

8. CORPORATIONS ⊜⟿372 — CHARTER — SURPLUSAGE.

Provisions in a charter purporting to authorize a corporation to engage in a business in which corporations are not authorized to engage can be treated as surplusage.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by A. D. Zucht and others against A. A. Aultz and another. From a decree for plaintiffs, defendants appeal. Affirmed.

Chambers & Watson, of San Antonio, for appellants.

Don A. Bliss, of San Antonio, for appellees.

MOURSUND, J.   This is a suit by A. D. Zucht, I. L. Feller, and Lottie Zucht, as partners, against A. A. Aultz, and W. T. Tivy, alleging that about twelve years prior to the filing of the suit plaintiffs had adopted and continuously thereafter used, in the city of San Antonio, the trade-name, "Union Painless Dentists"; that they had built up a good business and acquired an extensive good will under said trade-name; that about six months prior to the institution of the suit the defendants, for the purpose of deceiving the public and inducing the belief that they were the persons carrying on said business, adopted an imitation of said trade-name, calculated to effect such purposes; that they placed in front of their location a sign which was an exact imitation of plaintiffs' sign, except that the word, "United," was used in the place of "Union"; that defendants also placed an advertisement in the telephone exchange directory appropriating plaintiffs' said trade-name. They prayed for an injunction restraining defendants from using the name, "United Painless Dentists," and for damages.

Defendants answered by general demurrer, special exceptions, a general denial and a special plea denying infringement.

The case was heard on August 3, 1918, in vacation, on application for a temporary injunction, and after the testimony had been introduced, and after plaintiffs had been permitted to amend their supplemental petition, the judge announced that he would grant the preliminary injunction prayed for. Thereupon all parties agreed and consented that a final decree should be entered in vacation, which was accordingly done.

[1] By the first assignment of error complaint is made of the overruling of several special exceptions. It is well established that assignments of this kind, embracing

more than one ruling of the court, cannot be considered.

Complaint is made of the overruling of a motion to dismiss the case, which motion contains six grounds relied on for the relief prayed for. The assignment is submitted as a proposition, but contains several propositions, if the grounds alleged can be held to constitute propositions. It is not briefed so as to be entitled to consideration. The grounds alleged, if true, would only authorize a judgment against plaintiffs on the merits, and not warrant a dismissal.

The issue, whether the evidence shows that they parted with the trade-name, and therefore have failed to establish their alleged ownership thereof, can only be raised by an assignment attacking the evidence as insufficient to support the judgment.

[2, 3] The court permitted plaintiffs to file an amended first supplemental petition after the testimony had been introduced and the case closed. The statement under the assignment does not contain the pleading objected to, and it is not shown that defendants were injured by its filing. The next assignment complains of the overruling of a motion to strike out the amended first supplemental answer, but the statement thereunder is also deficient in failing to show what change was made in the pleading. The assignments, as briefed, show no error prejudicial to defendants. It seems, further, that after the amendment had been permitted it was agreed that the court should render final judgment on the pleadings and evidence before the court. This constitutes a waiver of an objection relating to the time of filing the amended pleading.

By the last assignment complaint is made of the judgment as unsupported by the evidence in various particulars stated in the assignment. We will briefly state our conclusions with respect to such of the points raised as are deemed material.

[4, 5] The words, "Union Painless Dentists," may become so associated with the business or avocation of certain persons, in a certain locality, as to lose their primary meaning and come to signify the business carried on by certain persons and constitute a trade-name. The statutes relating to trademarks have no application in this suit, which is not based on the exclusive property right in a certain device or name, but upon unfair competition in a certain business. It is also well settled that the fact that the same name may have been used in other cities by other persons will not deprive appellees of protection against its use in the city in which it has been used exclusively by them until it has come to stand for their business. These points we regard as settled by the decisions. Cohen v. Nagle, 190 Mass. 4, 76 N. E. 276, 2 L. R. A. (N. S.) 964 and note, 5 Ann. Cas. 553; Cobe v. Lovan, 193 Mo. 235, 92 S. W. 93, 4 L. R. A. (N. S.) 447 and note, 112 Am. St. Rep. 480.

[6] The evidence supports the finding that the words, "United Painless Dentists," in view of the circumstances surrounding their use, are so similar to the words, "Union Painless Dentists," as to mislead the public, and to make the use thereof constitute unfair competition from which appellees are entitled to be protected. Morgan Sons Co. v. Ward, 152 Fed. 690, 81 C. C. A. 616, 12 L. R. A. (N. S.) 729 and note.

The evidence supports a finding that appellants abandoned the name, "Texas Painless Dentists," giving as a reason that one of them, Dr. Tivy, was prejudiced against the word, "Texas," and established their business about one block from that of appellees, under the name, "United Painless Dentists," and caused a large sign, surrounded by electric lights, to be suspended in front of their place of business, which in every detail was the same as a sign used by appellees, except that the word "United," was substituted for that of "Union"; that there was confusion in the delivery of the mail; and that an advertisement had been placed in the telephone directory by appellants wherein the word, "Union," was used instead of "United," although the word, "United," appeared on a copy of the sign in the same advertisement. There was some dispute about whether the printer was to blame for this, or Dr. Tivy, one of the appellants. Taking the testimony as a whole, the court was warranted in finding that the purpose of appellants, in adopting the name, was to secure some of appellees' business. There is considerable conflict between the authorities concerning the use of names of this character, which are largely descriptive of the kind and character of business being conducted; but there appears to be ample authority to the effect that when the use of even such a name is made in such a manner as to indicate the intent and purpose on the part of the user to deceive the public, and thereby obtain the benefit of the good will of the person whose name is infringed on, the courts will protect against such unfair competition. Many authorities are collated in L. R. A. 1917C, p. 958.

[7, 8] The issue which has given us most trouble is the one relating to ownership of the trade-name. There can be no doubt that such name for 12 years has been used by appellees in carrying on the dental business in San Antonio; but in May, 1913, they caused to be filed in the office of the Secretary of State an instrument purporting to create a corporation known as "Union Painless Dentists" with powers described as follows:

"The purpose for which this corporation is formed is for the manufacture and installation of bridges, crowns, plates, and fillings for the teeth and for the mouth, and the manufacture and installation of artificial dentures for the

teeth and for the mouth, and for the manufacture, regulation and installation of appliances for orthadonis, and for the cleaning and extracting of teeth and preparation of the teeth, gums and mouth for the reception of the above named articles, dentures, and appliances, and for the purchase and sale of goods, wares and merchandise used in such business."

Appellees were the incorporators and were named directors. The evidence shows that the stock was issued, but does not show that officers were ever elected. Appellees were informed that the statutes did not authorize an incorporation to carry on the dental business, and did nothing further than to have one sign painted on their window which read, "Union Painless Dentists, Incorporated," and to pay the franchise tax as it accrued. They never conducted the business of buying and selling dental supplies, nor did they engage in the business of manufacturing teeth and other articles for sale to dentists. The other signs, and notably a large sign, surrounded by electric lights, which was duplicated by appellants, except for the substitution of the word, "United," for "Union," still bore the name, without the word "Incorporated." It is contended by appellants that the matters above set out should be held to show an assignment of the trade-name to the corporation, and therefore to negative ownership thereof by appellants. There is good authority for holding that the provisions in a charter which are not authorized by law will be treated as surplusage. Morawitz on Private Corp. § 32; Galveston Land & Imp. Co. v. Perkins, 26 S. W. 258. All provisions purporting to authorize the corporation to engage in the practice of dentistry are void, and can be treated as surplusage. The powers actually granted were never exercised by the corporation. The efforts of appellees to incorporate for the practice of dentistry could not change their relation of partners with respect to such business. They are liable as partners for negligence therein. This question has been heretofore discussed by us in the case of Staacke v. Routledge, 175 S. W. 444, in which the leading cases are quoted from. We conclude that the partnership consisting of appellees never became dissolved, and continued the practice of dentistry according to its particular methods, up to the date of the trial, using at all times the trade-name, "Union Painless Dentists." The partners by their acts conferred on a corporation the right to use such name in the business of buying and selling goods, wares, and merchandise used in the dentistry business. They could confer no more, for that part of the charter relating to the practice of dentistry is void. It has been held that the use in a wholesale business of a name used by others in a retail business of the same nature cannot be enjoined, for the rea-

son that there is no such competition as will warrant the granting of protection by the courts. Regent Shoe Mfg. Co. v. Haaker, 75 Neb. 426, 106 N. W. 595, 4 L. R. A. (N. S.) 447. It has also been held that persons practicing dentistry under a certain name are not entitled to restrain the use of the same name by an incorporated company engaged in the manufacture of dental goods. Longenecker v. Longenecker Bros. (Sup.) 140 N. Y. Supp. 403. In the case of Nolan Bros. Shoe Co. v. Nolan, 131 Cal. 271, 63 Pac. 480, 53 L. R. A. 384, 82 Am. St. Rep. 346, it was held that the failure, for a period of ten years, of a retail shoe dealer to protest against the use by a wholesale concern. dealing in the same goods, of a trade-name which conflicted with that of the retailer, would not deprive him of the right to restrain the use of such name in a rival retail business established by one who previously conducted the wholesale business. It follows that the fact that appellees permit a corporation to use their trade-name in a certain business, which constitutes no competition with the practice of dentistry, will not prevent them from asserting their right to the use of such name in conducting the dentistry business, as against persons who infringe thereon in conducting the dentistry business.

The judgment is affirmed.