**LEVYTANSKY v. BERNON et al.  (No. 7467.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1925. Rehearing Denied Jan. 20, 1926.)

Names ⊂⇒10—Contracts, made under assumed name, are enforceable if otherwise valid.

Though a person may be engaged in business under assumed name, in direct violation of Acts 1921, c. 73 (Vernon's Ann. Civ. St. Supp. 1922, art. 5950½ et seq.), his otherwise valid contracts are nevertheless enforceable.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Harry A. Bernon and another against A. Levytansky. Judgment for plaintiffs, and defendant appeals. Affirmed.

Wm. H. Russell and Robert H. Wallace, both of San Antonio, for appellant.

O. B. Black, T. H. Ridgeway, and Dilworth & Marshall, all of San Antonio, for appellees.

SMITH, J. The parties to this suit entered into a written contract whereby A. Levytansky agreed to sell a stock of merchandise to J. A. Conn and H. A. Bernon for the sum of $58,000, of which $9,000 was paid in cash to Levytansky, and the balance was covered by installment notes. Subseqently the purchasers claimed that the seller had deceived the purchasers into making the contract, whereupon the parties rescinded the sale, and Levytansky agreed to refund the cash and return the notes to the purchasers. He did refund $3,000 of the $9,000 cash payment, but later refused to pay over the balance of $6,000. This suit resulted, and, upon a jury trial, Conn and his associate recovered. Levytansky has appealed.

Appellant bases his appeal upon the sole contention that in the transaction here in controversy appellees were engaged in business under an assumed name, to wit, Levytansky Jewelry Company, without having filed with the county clerk a certificate disclosing the

names of the individuals engaged in doing business under that name, as required by the statutes embraced in chapter 73, Gen. Laws 1921, p. 142. (Vernon's Ann. Civ. St. Supp. 1922, art. 5950½ et seq.) The statute is penal in nature, and provides, simply, that no person or persons shall thereafter engage in or conduct a business in this state under an assumed name, unless such person or persons shall file in the county clerk's office a certificate setting forth the assumed name and disclosing the true names and post office addresses of the persons operating thereunder, and fixing a penalty for violations of the law. It is contended by appellant that, because appellees had not complied with the provisions of this statute, their contract with appellant was "illegal" and therefore "unenforceable through the courts."

There is a sharp controversy between the parties as to whether or not the conduct of appellees was such as to bring them under the condemnation of the statute relied upon, but we think that question becomes immaterial, for the reason that the Supreme Court of this state, through the Commission of Appeals, has definitely decided that, although a person may be engaged in business in direct violation of that statute, his otherwise valid contracts are nevertheless enforceable in the courts. Paragon Oil Syndicate v. Rhoades Drilling Co. (Tex. Com. App.) 277 S. W. 1036 (decided December 10, 1925, but not yet [officially] reported). The question decided in that case was certified to the Supreme Court by the Court of Civil Appeals of the Second District, and answered in a thoroughly considered opinion by Judge Bishop, which the Supreme Court adopted. In that opinion Judge Bishop discusses the authorities of other states upon the subject, and says, in part:

"The right to engage in business in an assumed name is a privilege the law of this state, prior to this enactment, has permitted. This act recognizes this right, and concedes the privilege. It, however, regulates the privilege of conducting business in an assumed name by requiring that the certificate be filed. It does not declare the use of the assumed name wrongful. It permits it. Realizing that the assumed name may be used in a manner harmful to the public, unless the identity of the person or persons engaged in the business is known, it requires a disclosure. The assumed name itself is not denounced as harmful. The fact that harm may result from a wrongful use of the name is what induced the Legislature to regulate its use. The regulation requires the certificate and nothing more. To enforce this requirement a specific penalty is imposed. It is not the use of the name which constitutes the crime, but the failure to comply with the regulatory requirement. The use of the name in a written contract would disclose no element of a crime, for the assumed name is only incidental to what the law has denounced as criminal. The crime has no necessary direct relation to the business transacted. The contract entered into in the conduct of the business does not constitute the crime, and the law will not presume that harm has resulted from the contract. So the rule that one who has violated the law is not permitted to recover on evidence which shows his crime in connection with the subject-matter in litigation is not applicable here."

As this is the only point raised in this appeal, and as the authority cited is directly in point and is adverse to appellant's sole contention, the judgment must be affirmed.