## HAYS v. WALSH et al. (No. 2585.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 27, 1926. Rehearing Denied March 3, 1926.)

**1. Automobiles ⊜19.**

Purchase of automobiles from dealer to be resold by purchaser as subdealer is not within Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾, 1617¾f; such articles applying only to sale of secondhand cars.

**2. Names ⊜10.**

"Assumed name" statute does not render contracts made by parties operating under assumed name invalid.

**3. Witnesses ⊜362—If testimony of witness is admissible, it rests in the discretion of the court sitting without jury to believe it, though witness was convicted of assault to commit rape and indicted for bootlegging.**

If testimony of a witness, controverted by two witnesses whose credibility was not attacked, convicted of assault to commit rape and under indictment for bootlegging, is admissible, it rests in the sound discretion of the trial court acting without a jury to believe it.

**4. Bills and notes ⊜518(2).**

Evidence held not to sustain finding maker of note was not indebted to payee, and that note was an accommodation note.

**5. Bills and notes ⊜489(6)—To hold proceeds of collateral note as against owner, one must show good faith, innocent purchase, valuable consideration, and likelihood to lose the debt.**

To hold the proceeds of a collateral note as against the owner, one must plead and prove taking in good faith, innocent purchase, valuable consideration, and that he is likely to lose the debt unless he be permitted to retain the proceeds.

Appeal from District Court, Dallam County; Reese Tatum, Judge.

Suit by Frank W. Hays against Thomas Walsh, wherein W. H. Douglass intervened. From a judgment that plaintiff take nothing, and in favor of intervener against plaintiff, plaintiff appeals. Judgment as between plaintiff and defendant reversed, and judgment in favor of intervener affirmed.

R. E. Stalcup, of Dalhart, and Lumpkin & Trulove, of Amarillo, for appellant.

F. P. Works, of Amarillo, for appellees.

RANDOLPH, J. This suit was filed in the district court of Dallam county by Frank W. Hays against Thomas Walsh to recover on a promissory note executed by Walsh and payable to the order of the plaintiff.

W. H. Douglass intervened in the suit, claiming to be the owner of certain collateral notes held by the plaintiff, one of which notes, the Burrow note for $412, the plaintiff had collected. Defendant Walsh denied the debt and, in defense of the execution of the note, pleaded in confession and avoidance of same.

The case was tried before the court without the intervention of a jury, and judgment was rendered that the plaintiff take nothing by his suit and in favor of intervener, Douglass, against the plaintiff for the sum of $420.35, being the amount collected by the plaintiff upon the Burrow note. From such judgment Hays appealed to this court.

[1] The note sued upon was given by Walsh to the plaintiff, who was an automobile dealer, for the balance owing by Walsh to the plaintiff in the purchase of cars to be resold by Walsh as a subdealer; hence articles 1617¾ and 1617¾f, Vernon's Ann. Pen. Code 1922, do not apply to such transactions as those between Walsh and Hays. Those articles only apply to the sale of secondhand cars.

[2] Neither does the "assumed name" statute enter into the transactions, or render invalid contracts made by the parties operating under an assumed name. The Commission of Appeals has recently, in answering certified questions in the case of Paragon Oil Syndicate v. Rhoades Drilling Co., 277 S. W. 1036, so held with the express approval of the Supreme Court of Texas.

Appellant assigns error in the trial court's rendition of judgment in favor of intervener for the title and possession of the note executed by Fred R. Kreiger. There is no such judgment; on the contrary, the trial court, as to the Kreiger note, expressly holds against intervener—that he take nothing thereby.

The first, second, and third propositions raise the questions that the note sued on was executed by Walsh in the settlement of an account, and it was therefore based upon a valuable consideration; that it was not an accommodation note, and that, if the consideration has failed, it has failed only in part, and that the trial court should have rendered judgment pro tanto in plaintiff's favor.

[3] Appellant enters a vigorous complaint to the finding of the trial court that Walsh, at the time he signed the note, was not indebted to the plaintiff, and that the note was signed as an accommodation note. It is true that two witnesses, whose credibility is not attacked, contradicted Walsh on every material detail of the settlement between Hays and Walsh, and as to the events lead-

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing up to the signing of the note by Walsh. It is also true, as appears from the evidence, that Walsh rested under a conviction under a charge of assault to commit rape, which case was then on appeal, and that he was under indictment for bootlegging, but under the decisions of the courts of this state, if the evidence was admissible, it rested within the sound discretion of the trial court to believe his testimony if he thought the circumstances warranted it.

[4] The only question for us to pass on in the matter of such holding is: Was there any evidence to support the finding of the trial court? For the purpose of ascertaining whether or not there was any such evidence, we will state the facts as we find them, briefly.

Plaintiff's evidence shows that he sold Walsh certain cars as follows: (1) One model touring car, engine No. A408, serial No. T218, net to Walsh $835, upon which and for which Hays received the sum of $600, leaving a balance owing Hays on said car of $235. (2) Model 30 sedan, engine A276, serial S51, net to Walsh $1,179.30, upon which payment by check of $400 and draft on Douglass for $700 were paid, leaving balance of $79.30 owing to Hays. (3) One model touring car B4376, serial No. T7294, net to Walsh $877.30. This car was fully paid for by draft on Douglass for $900, covering the price of the car and extra expenses. (4) One model 30 sedan, engine B8274, serial 5695, net to Walsh $1,124.75. This was paid by draft on Douglass for $1,075 and Walsh's check for $50, which check was turned down, leaving a balance due Hays of $50. (5) Four-Cylinder Brougham, designated the Minnick car, net to Walsh $1,350 upon which Walsh made payment of check cashed by him in person at the bank for $350, leaving balance due Hays of $1,000.

The third of the above transactions is not brought down in the account of the plaintiff for the reason that the car was fully paid for. But the item of $900, payment on the third of the above transactions, is testified to by the defendant Walsh as an offset against the plaintiff's account against him, as is also the item of $130 for a Ford car, which was credited by plaintiff on transaction No. 1.

The total charges against Walsh, as shown by the above, are $5,366.35, and the total credits are $4,025.25, as shown above. The total check and draft payments testified to by Walsh amount to $3,435, which is $590.25 less than the credits allowed him by the plaintiff. In addition to the cash credits, represented by checks and drafts, Walsh claims a credit for one Star car, the proceeds of which do not appear to have reached the hands of Hays. Even if the proceeds of the Burrow note, for which judgment has been rendered in favor of intervener, is credited on the plaintiff's claim, the total amount of credits allowed by plaintiff exceeds the amount shown by Walsh. Adding the $412 proceeds of the Burrow note to the amount of credits testified to by Walsh as stated above, we have a total of $3,847, which, if deducted from the proven items of plaintiff's claim, leaves a balance in favor of the plaintiff of $1,519.35. Then conceding that the evidence shows that the defendant Walsh is entitled to a credit of $25 per week for 10 weeks, as salary from Hays, making the sum of $250, this would still leave a balance in favor of the plaintiff of $1,269.25. As the note was executed for the sum of $1,244.05, it will be seen that the court's finding that Walsh owed Hays nothing, and that the note was given as an accommodation note, is not supported by any evidence.

[5] Appellant complains of the action of the trial court in entering judgment against him for the proceeds of the Burrow note; that the Burrow note was executed in payment for an automobile and was payable to an automobile finance company and was not accepted by that corporation; that the note was transferred to the plaintiff before its maturity without notice; and that plaintiff purchased same in good faith—hence there was error in the judgment.

The note being a collateral note, one given to secure the note sued on, before the plaintiff could or would be entitled to the proceeds of same as against the owner, he must have shown all of the elements of a taking in good faith, innocent purchase, and valuable consideration, and also that he was likely to lose his debt unless he was permitted to retain the proceeds of the collateral note. This he neither pleaded nor proved, and, until he did, he was not in a position to complain of the action of the trial court in this respect. Live Stock State Bank v. Locke (Tex. Civ. App.) 277 S. W. 405.

For the reasons indicated, we reverse the trial court's judgment as between Hays and Walsh and affirm the judgment in favor of Douglass, the intervener.