## FECHNER v. A. H. BELO & CO.   (No. 7558.)

(Court of Civil Appeals of Texas.   San Antonio. April 28, 1926.)

Names ⬤➡10—One doing business under assumed name, in violation of statute, held not barred from bringing libel suit (Acts 37th Leg. [1921] c. 73 [Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½ to 5950½d, Vernon's Ann. Pen. Code Supp. 1922, art. 1007c]).

One doing business under assumed name, in violation of Acts 37th Leg. (1921) c. 73 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d, Vernon's Ann. Pen. Code Supp. 1922, art. 1007c), is not thereby barred from bringing action for alleged libel reflecting on his reputation and that of his business.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by·W. F. Fechner against A. H. Belo & Co. Judgment of dismissal, and plaintiff appeals. Reversed and remanded.

H. G. Wills, A. J. Harper, and Lewis & Owens, all of Dallas, for appellant.

Muse & Muse, of Dallas, for appellee.

COBBS, J. In'this case appellant, W. F. Fechner, operating and doing business under the name of "Fechner's Southwestern Nursery," a resident of Dallas county, Tex, complained of A. H. Belo & Co., a corporation doing business in Dallas county, Tex., publishing a paper called the Dallas News.

Appellant alleged that he was the sole owner of "Fechner's Southwestern Nursery," and alleged that on the 11th day of March, A. D. 1923, appellee, A. H. Belo & Co.,· through its paper, the Dallas News, inserted an ad which reflected upon the reputation of Mr. Fechner and his business; accused him of making misrepresentations and false statements; and offered $100 to any charitable institution if its claim was not true. Appellant alleged that said publication was libel to him and to his business, and greatly damaged and injured the same to his damage, as set out in his original petition.

Appellee, in its first original amended answer filed a general·demurrer and special exceptions to abate the suit for slander because Mr. Fechner was doing business under "Fechner's Southwestern Nursery," and alleged that said business was an assumed name, and came within the prohibition of the Act of the Thirty-Seventh Legislature of Texas of 1921 (Acts 37th Leg. [1921] c. 73 [Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d, Vernon's Ann. Pen. Code Supp. 1922, art. 1007c]),' which required as a condition precedent to do business that there should be filed in the office of the clerk of the county court "a certificate setting forth the name under which such business is to be conducted or transacted, and the true or real full name or names of the person conducting or transacting the same, with the post office address or the addresses of said person or persons," etc.

This case was dismissed on the general and special exceptions of appellee; and the case involves the construction of the act of the Legislature enacted in 1921 to the effect that no person should carry on business under any assumed name, or under any designation, name, style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, without, etc.

It is insisted by appellee that this court certify the question to the Supreme Court, or write something on the question presented on the validity of the law. We refuse to certify the question involved.

Since we followed the decision in the case of Paragon Oil Syndicate v. Rhoades Drilling Co., 277 S. W. 1036, opinion by the Commission of Appeals, approved by our Supreme Court, in Levytansky v. Bernon et al. (Tex. Civ. App.) 279 S. W. 304, nothing is left for us to do other than to reverse and remand the judgment of the trial court.

Reversed and remanded.