WILLYS-OVERLAND, Inc., v. HOLLIDAY.
(No. 7565.)

(Court of Civil Appeals of Texas. San Antonio. May 5, 1926. Rehearing Denied May 26, 1926.)

1. Trial ⟨⟨⟩⟩ 139(1).

There being issues of fact to be determined by the jury, refusal to instruct verdict was right.

2. Automobiles ⟨⟨⟩⟩ 19—Buyer of secondhand automobile is not required to obtain bill of sale from seller for title to pass.

Statute as to sale of secondhand automobiles held regulatory merely, and not to prohibit sale not in compliance therewith, so that title passes, though buyer, who received state license receipt for the current year, did not obtain bill of sale from seller.

Appeal from Dallas County Court at Law; Paine L. Bush, Judge.

Action by T. N. Holliday against Willys-Overland, Inc. Judgment for plaintiff, and defendant appeals. Affirmed.

Spence, Smithdeal, Shook & Spence and H. T. Bowyer, all of Dallas, for appellant.

Grace N. Fitzgerald, of Dallas, for appellee.

COBBS, J. Appellee sued appellant for the sum of $300 with interest from the 12th day of December, 1923.

The suit grows out of an alleged breach of contract for the purchase of a new Overland automobile for the sum of $825, the contract being that appellant would accept as part payment from appellee a secondhand Nash automobile for the sum of $300 to be applied on the purchase price of the new Overland. For the deferred payments appellee was to execute 12 notes, each for $48.41. The new Overland was to be delivered to appellee about the 1st of November, 1923. The contract was accepted and approved by appellant's branch manager. Appellee delivered to appellant a bill of sale and transfer of the Nash automobile and appellant stated to the appellee if he would leave said Nash automo-

bile with them on October 9, 1923, appellant would allow him $300 for the same. Appellee left the said automobile with appellant, who took possession thereof and has kept it ever since.

On December 12, 1923, appellee made demand on appellant for delivery of the automobile and offered to execute the notes and chattel mortgage agreed upon, but appellant refused to deliver the car and refused to pay appellee the sum of $300, the agreed purchase price of the Nash automobile. Appellant gave as its reason for not performing the contract that too much had been allowed for the price of the Nash automobile.

The appellee sought to recover $300 actual damages, the purchase price of the Nash automobile; the further sum of $300, the value of the use of the Overland from December 12, 1923, with interest and costs.

Appellee alleged that appellant's conduct in receiving and keeping the Nash led him to part with it and thereby to lose the opportunities to dispose of it by sale or trading it in for another automobile, or otherwise, to the extent of $300 damages.

The appellant generally and specially denied all the allegations of appellee, and, among other things, pleaded that the Nash automobile at the time of sale belonged to Jim Gregg, a necessary party to the suit, and that appellee was seeking to perpetrate a fraud on appellant by trading in an automobile to which he had no title. It was pleaded also that appellee had no bill of sale from his vendor, Jim Gregg, for the car, and sale from Gregg to Holliday was a violation of the statutes relating to the sale of secondhand automobiles, and by reason thereof no title passed to appellee. When appellee left his Nash automobile with appellant he transferred his state highway license for the current year.

The case was tried with a jury upon special issues, and their findings were returned in favor of appellee, and judgment was entered in accordance therewith against appellant and in favor of appellee in the sum of $300, with interest at the rate of 6 per cent. per annum. We find that the facts support the findings of the jury.

[1] The court did not err in refusing to instruct a verdict, as there were issues of fact to be determined by the jury.

[2] There is nothing in the contention that the statute prohibits the sale of a secondhand automobile not made in compliance therewith. The statute is intended, merely, as a regulatory statute in respect to sales of motor vehicles, and as such cannot be held to invalidate sales. The purchaser is not required to obtain a bill of sale from his vendor. Here the appellee received the state highway license receipt for the current year. The question raised therefore by appellant is no longer

an open question; it has been settled against appellant's contention by the following cases: Ferris v. Langston (Tex. Civ. App.) 253 S. W. 309; Paragon Oil Syndicate v. Rhoades Drilling Co. (Tex. Com. App.) 277 S. W. 1036; Levytansky v. Bernon et al. (Tex. Civ. App.) 279 S. W. 304; Fechner v. Belo Co. (Tex. Civ. App.) 283 S. W. 926; Hennessy v. Automobile Owners' Insurance Association from Harris County. The opinion in this case was by Bishop for the Commission of Appeals and approved by the Supreme Court. 282 S. W. 791.

We think this case was fairly tried and substantial justice administered.

There being no reversible error assigned, the judgment of the trial court is affirmed.