### DILWORTH v. HAKE.

#### No. 1400.

Court of Civil Appeals of Texas. Waco.

Sept. 21, 1933.

Rehearing Denied Nov. 9, 1933.

See, also, 54 S.W.(2d) 583.

John B. McNamara and J. W. Spivey, both of Waco, for appellant.

S. J. T. Smith and Nat Harris, both of Waco, for appellee.

ALEXANDER, Justice.

This action was brought on August 3, 1932, by Tom G. Dilworth against Mrs. Anna L. Hake, individually and as independent executrix of the estate of T. M. Dilworth, deceased, for an injunction restraining said defendant from using the fictitious names of T. M. Dilworth Abstract Company, McLennan County Abstract Company, and Waco Abstract Company in the land title and abstract business conducted by her in the city of Waco. It was alleged that the use of said names by the defendant in the business conducted by her was calculated to deceive and mislead the public and to cause the public to confuse the business so conducted by her with a similar business conducted by the plaintiff under similar names. The jury, in answer to a special issue, found that the use of said trade-names by the defendant in the business conducted by her was not calculated to mislead the public generally, nor to cause the public to confuse said business with that conducted by the plaintiff. Judgment was accordingly entered for the defendant. The plaintiff appealed.

The appellant's contention is that the verdict of the jury is contrary to the undisputed evidence, and that the court should have given an instructed verdict for the appellant. The evidence discloses that T. M. Dilworth, now deceased, was engaged in the abstract and land title business in the city of Waco from 1886 to the date of his death in March, 1932, under the trade-name of T. M. Dilworth Abstract Company; that Mrs. Hake, who is a daughter of T. M. Dilworth, is a practical abstracter and had been engaged in such business with her father for a number of years; that the appellant, Tom G. Dilworth, who is a son of T. M. Dilworth, deceased, has been engaged in the abstract and title business in the city of Waco for more than twenty years, conducting said business under various trade-names such as Dilworth Abstract Company, Dilworth Title Company, Dilworth Title Office, and Dilworth Land Titles. Prior to April, 1931, the appellant, Tom G. Dilworth, was also the owner of all of the stock of McLennan County Abstract Company, a corporation, and the Waco Abstract Company, a corporation, both of which

corporations were engaged in the abstract business in the city of Waco and were operated by the appellant or by his employees. In April, 1931, the appellant, Tom G. Dilworth, was adjudged a voluntary bankrupt. He listed as a part of his assets all of the capital stock and physical properties of the McLennan County Abstract Company and the Waco Abstract Company. In July, 1931, the secretary of state marked the charters of said corporations forfeited for nonpayment of franchise tax. On March 14, 1932, the trustee in bankruptcy sold all of the assets of the McLennan County Abstract Company and the Waco Abstract Company, including the physical properties and good will to T. M. Dilworth. After the purchase of the assets of said corporation, Mrs. Hake and her father continued to do business under the names of T. M. Dilworth Abstract Company, McLennan County Abstract Company, and the Waco Abstract Company until the death of the said T. M. Dilworth. T. M. Dilworth died March 25, 1932, leaving a will in which his daughter, Mrs. Hake, was named as independent executrix. She duly qualified as such and is now conducting the business under the names of T. M. Dilworth Abstract Company, McLennan County Abstract Company, and Waco Abstract Company. On March 28, 1932, Tom G. Dilworth filed in the fictitious name records of McLennan county affidavits that he was doing business under the trade-names of McLennan County Abstract Company and Waco Abstract Company. He now claims exclusive right to transact business under the trade-names of McLennan County Abstract Company and Waco Abstract Company, and asserts that, if Mrs. Hake, either individually or as such executrix, is permitted to use either of such names or the name of T. M. Dilworth Abstract Company in the business so conducted by her, the public will be misled and caused to confuse the business so conducted by her with that carried on by appellant.

We will first discuss appellant's right to enjoin appellee from using the name "T. M. Dilworth Abstract Company." There is some similarity between this name and that of Dilworth Abstract Company, the name under which appellant is doing business, and there was some evidence that, in a few instances, customers desiring to transact business with Dilworth Abstract Company had addressed their correspondence to T. M. Dilworth Abstract Company. However, the name under which appellee is doing business is clearly distinguishable from that used by the appellant by the initials "T. M." There is no evidence that the abstracts prepared by appellee were addressed in such manner as to make them appear to be the same as those prepared by appellant, nor that appellee otherwise fraudulently attempted to mislead the public. It was a question of fact for the jury as to whether the use

of such name by appellee in the manner shown by the evidence was calculated to mislead the public. 38 Cyc. 790. We do not think that the evidence is sufficient to establish as a matter of law that the public would be caused to confuse the business conducted by the appellant with that conducted by appellee. Moreover, it appears that T. M. Dilworth used the trade-name "T. M. Dilworth Abstract Company" for more than forty years prior to his death. He was the first to use such name. The right to the use of a trade-name ordinarily belongs to the one first appropriating the name. 38 Cyc. 765. Since he first used the name "T. M. Dilworth Abstract Company," he was entitled to continue in the use thereof even though it was similar to the name "Dilworth Abstract Company" subsequently adopted by the appellant. Upon the death of T. M. Dilworth, the right to use such fictitious name passed to Mrs. Hake as his legal representative as a part of the assets of his estate. 38 Cyc. 876; 26 R. C. L. 866, 867. The appellant therefore was not entitled to enjoin appellee from using such name.

We will next consider whether, under the evidence, the appellant was entitled to the exclusive use of the names "McLennan County Abstract Company" and "Waco Abstract Company." These names are not similar to the name "Dilworth Abstract Company," nor other fictitious names containing the word "Dilworth," under which appellant has heretofore transacted business. If appellant is entitled to the exclusive use of such names, it is only because of prior adoption thereof by him. Prior to the time appellant was adjudged a bankrupt, he had never used either of such names in the business conducted by him as an individual. Such names had been used exclusively by the corporations of which he was the sole stockholder. The right to use such names belonged to the corporations and not to the appellant. 38 Cyc. 725, 820. Upon appellant's adjudication in bankruptcy, these rights passed to the trustee in bankruptcy along with the other assets of the corporation. 38 Cyc. 875. Whatever right the appellant now has to use such names is only such right, if any, as was acquired by him after the corporations, by the failure to pay franchise tax, forfeited their rights to transact business under such names. There is no evidence that the appellant has actually transacted any business under either of such names since such date, nor that he has expended any funds in advertising his business under such trade-name. The only evidence of adoption, appropriation, or use of such names by him is the fact that on March 28, 1932, appellant filed in the fictitious name records affidavits, as provided in Penal Code, art. 1067, that he was doing business under such names. There is evidence that both Mrs. Hake and her father, T. M. Dilworth, were using such names in the abstract busi-

ness conducted by them prior to the filing of such affidavits by appellant, and that, after the death of T. M. Dilworth, Mrs. Hake continued to use such name. Priority in adoption and user of trade-names confers a superior right to the use thereof, and, since appellee first used the names theretofore used by the corporations, she acquired a prior right to the use thereof, and the appellant could not, by the mere filing of such affidavit, defeat appellee's right to continue to use such names. 38 Cyc. 765; Russ v. Duff (Tex. Civ. App.) 49 S.W.(2d) 905. The court therefore did not err in refusing to give an instructed verdict in favor of the appellant on this phase of the case.

The judgment of the trial court is affirmed.