## VICKERS, Inc. v. FALLON.

### Civ. No. 3532.

District Court, E. D. Michigan, S. D.

Jan. 9, 1943.

222

Barnes, Kisselle, Laughlin & Raisch, of Detroit, Mich. (Stuart C. Barnes, John M. Kisselle, Robert A. Choate, and Ralph L. Tweedale, all of Detroit, Mich., of counsel), for plaintiff.

George W. Bixler and Robert Adolph Sloman, both of Detroit, Mich., for defendant.

TUTTLE, District Judge.

Plaintiff herein, Vickers, Inc., a corporation of Michigan, is suing Albin F. Fallon, an individual operating under the assumed name of Vickers Broach and Gage Company, for infringement of a registered trade-mark and for unfair trade practices commonly called Unfair Competition. The defendant is registered to do business under the Assumed Name Statute of Michigan. Comp.Laws 1929, § 9825 et seq. The trade-mark sued upon is registration No. 356,186 and consists of the name "Vickers" in capital letters with a larger "V", the right arm of which is extended horizontally over the other letters of the name so that the "V" makes a sort of radical sign. Also, superimposed on the "V" is a design which represents the cross section of a vane type pump; it looks like a rotor member with vane elements projecting radially from it within a circular housing. This is a registration under the Act of February 20, 1905, 15 U.S.C.A. § 81.

The plaintiff has made extensive use of the trade-mark and name "Vickers" with the radical "V" and it has used a mark identical with the registration at least to some extent. The predecessor of the plaintiff was Vickers Manufacturing Company, a copartnership of California organized in 1921 by Harry F. Vickers and others, and incorporated under the laws of California in 1927. In this original business, broaching machines and presses of many kinds were made. In 1929, the plaintiff corporation was organized under the name "Vickers, Inc.", and Harry F. Vickers has been actively associated with the plaintiff organization as stockholder and officer throughout its life and up to the present time. Vickers, Inc., has its main plant located in Detroit, Michigan.

The plaintiff is engaged in the manufacture of hydraulic equipment of all kinds, including pumps, motors, transmissions, valves, flow controls, valve banks, control panels and a large number of other items. A main part of the plaintiff's business is the providing of controls and actuators for machine tools, such as broaching machines, milling machines, grinding machines, etc. Plaintiff also makes broaches and gages for its own use. The control panels and speed adjustments are prominently located on the machine tools and the name "Vickers" is displayed thereon. Plaintiff is undoubtedly one of the largest concerns of its kind, employing thousands of workers and having sales offices in the major cities of the country, with sales throughout the United States.

Plaintiff has advertised extensively on a nation-wide scale in such magazines as Tool Engineer, Iron Age, Steel, etc. Plain-

tiff has established a fine reputation, not only locally in Detroit, but throughout the nation in the particular industry in which the parties are both engaged, namely, the machine tool field.

Defendant has used the name "Vickers" in his firm name, on his stationery, cards and shipping labels, and on his products shipped in interstate commerce. The name "Vickers" is given prominence in its uses either by coloring or through distinctive design and enlarged letters. In his later uses, defendant has extended each letter of the name back into parallel shadings. Defendant is manufacturing broaches and gages principally, although he has attempted to register his mark in the Patent Office on such products as broaching machines, spline grinders, tools, dies, broaches and gages. There has never been anyone by the name of "Vickers" connected with defendant.

It is my conclusion here that there is a single cause of action on which the plaintiff relies; that is, that the name "Vickers" has been taken and used by defendant. That, in the end, is all plaintiff is complaining about. Now in the same way, I would say there are two grounds of action for that one cause of action: First, infringement of a registered trade-mark; and, second, unfair competition.

■ Relative to the first ground, I think the plaintiff has a valid trade-mark. It is first of all presumed to be valid and I have heard nothing in the proofs that changes my mind about the validity. 15 U. S.C.A. § 96; Chapin-Sacks Manufacturing v. Hendler, 4 Cir., 254 F. 553. It is a very distinctive looking mark, just with the word "Vickers" and the radical sign alone extending from the right crotch of the "V" over the remaining letters of the word. In addition, the wheel or rotor configuration is added to the "V". The trade-mark in suit is a valid, registered trade-mark.

■ Our next step relative to the first ground of action is that of infringement of that valid trade-mark. There is no dispute about what the defendant has done. He has not used the radical sign at all; he has not used the wheel at all; and, on the other hand, he has used the word "Vickers". The two uses of the word "Vickers" to the eye do not look alike, except that they are the same word "Vickers". Beyond the bare fact that they are the same letters producing the same word, there is no similarity, and I hold that there is no infringement of the registered trade-mark. Such cases as Stark

v. Stark Bros. Nurseries & Orchards Co., 8 Cir., 1919, 257 F. 9, Rossmann v. Garnier, 8 Cir., 1914, 211 F. 401, and Queen Mfg. Co. v. Isaac Ginsberg & Bros. Inc., 8 Cir., 1928, 25 F.2d 284, have been cited by the plaintiff to show that the use of a name, which is the major part of a registered mark, is infringement even if the infringing user does not adopt the registered design. However, I still hold that in this case at bar the use of the name only of the registered mark is not infringement.

At the time the plaintiff's trade-mark was registered, the plaintiff had used this name "Vickers" in such a way that standing alone without any decorations, adornments, or fixing up at all, it had acquired a secondary meaning and was identified in the trade with the goods manufactured by the plaintiff.

■ The first ground for the cause of action, namely, the alleged infringement of the registered mark being clearly a Federal matter, gives this court jurisdiction. The other ground for the cause of action, namely, unfair competition, is a local matter, and does not, of itself, give this court jurisdiction. There is no diversity of citizenship here.

The question is whether these two grounds of action are so hitched together and related that this court, having taken jurisdiction on the Federal matter, and after deciding that there is no infringement of the registered trade-mark, may nevertheless take up the question of unfair competition and enter a decree in that matter which standing alone would belong to the State court.

■ In Hurn v. Oursler, 1933, 289 U. S. 238, 53 S.Ct. 586, 589, 77 L.Ed. 1148, the Supreme Court held that in a case involving alleged violation of Federal copyright and a complaint of unfair competition, the court should consider the latter question even though it had decided that there was no copyright infringement and in spite of there being no other basis for Federal jurisdiction of the unfair competition matter. There the court said:

"The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question

averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; in the latter it may not do so upon the nonfederal cause of action."

See also Armstrong Paint & Varnish Works v. Nu-Enamel Corporation, 1938, 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195; L. E. Waterman Co. v. Gordon, 2 Cir., 1934, 72 F.2d 272.

Plaintiff has alleged two distinct grounds in support of a single cause of action. The cause of action, the thing complained of, the relief asked, is just the same under one of the grounds as the other and it consists of the use of the name "Vickers" by defendant in violation of the rights of plaintiff. Defendant has taken this name and used it on its articles of manufacture, in its advertising, and on its letterheads, and held itself out to the public under this assumed name.

Therefore, I hold this court has jurisdiction over the second ground of unfair competition, although I hold that infringement of the registered mark does not exist. I am convinced that plaintiff and plaintiff's counsel have acted in good faith in alleging the infringement of the registered mark in support of their cause of action.

This leads to a consideration of the ground of unfair competition. I shall interpret the law of Michigan on unfair competition and apply it to this case. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

Has this conduct on the part of the defendant misled the public and acquired for this defendant some of the good will which belongs to the plaintiff?

I am satisfied that the situation is such that if the defendant should produce goods of poor quality the plaintiff would be harmed. Plaintiff should not be required to keep watch of another organization over which it has no control to see that this other organization runs its business in such a way that it will not harm the plaintiff.

Defendant urges that plaintiff was at fault in selecting the name "Vickers", since there was a company in England by the name of "Vickers". That is a more eloquent argument against the defendant than it is against the plaintiff. The name "Vickers, Inc.", is much better known in De-

troit, Michigan, and in the United States, than this Vickers of England ever was.

In spite of the claim by defendant that he selected his name because of the English company, I find that he selected it for the express purpose of acquiring some good will which had been created by Vickers, Inc. Plaintiff has taken its name from the original Vickers Manufacturing Company of California, organized by Harry F. Vickers, who has been active throughout the history of the present plaintiff company. The good reputation of plaintiff has been built around the name of its original founder, Harry F. Vickers.

Defendant has urged that there is no actual competition between the two companies. I hold that it is unfair competition in the business world even though plaintiff had never made a single one of the things which defendant has made. If their businesses are so close together, so related in the same shops, in the same factories, and so dovetailed together that the public are going to think that this plaintiff, with its great, good reputation around Vickers, Inc., has started in to make these broaches and gages, then it is sufficient to make it unfair competition. The damage is not in loss of present sale and actual competition. The name used by defendant and the field of operations is such that the public would be led to believe, and many did believe, that defendant was a branch of, or subsidiary of, the plaintiff and in that way defendant has enjoyed some of the good will of the plaintiff to the injury of the plaintiff. Wall v. Rolls-Royce of America, 3 Cir., 4 F.2d 333; Aunt Jemima Mills Co. v. Rigney & Co., 2 Cir., 247 F. 407, L.R.A.1918C, 1039; Akron-Overland Tire Co. v. Willys-Overland Co., 3 Cir., 273 F. 674; L. E. Waterman v. Gordon, 2 Cir., 72 F.2d 272.

The Borden case upon which defendant relies has not been followed by the courts as shown by the above decisions, and I hold that it is not the law and ought not to be. Borden Ice Cream Co. v. Borden's Condensed Milk Co., 7 Cir., 201 F. 510.

This similarity of names has caused confusion in the minds of people engaged in this business field. There has been much confusion relative to the mail being received by these two concerns. It is all due to the similarity of names coupled with the fact that plaintiff has a big reputation and is well known, while defendant is starting in and is little known.

Defendant has urged that the corporate charter of plaintiff would not permit plaintiff to manufacture broaches and gages. The language of the articles of incorporation is sufficiently broad to permit such manufacture. In any event, this defense has no merit.

There will be an injunction issued restraining the defendant from using the name "Vickers" in connection with his business in any way. The actual damages to plaintiff to date have been very little, and I find such damages to be nominal and therefore make no reference to a Master. Costs will be taxed in favor of plaintiff.