## BURGE v. DALLAS RETAIL MER-CHANTS ASS'N.

### No. 14618.

Court of Civil Appeals of Texas. Dallas.
March 20, 1953.

Rehearing Denied April 17, 1953.

DeShazo & Hyde and Earl Luna, all of Dallas, for appellant.

Irion, Cain, Bergman & Hickerson; Lee Smith, Jr., and Neil Brans, all of Dallas, for appellee.

DIXON, Chief Justice.

This case involves two appeals: One from an order overruling defendant's plea of privilege; the other from a later order granting plaintiff a temporary injunction restraining defendant from using a certain trade-name. We shall consider both appeals in this opinion.

Appellee, Dallas Retail Merchants Association, plaintiff in the trial court, is an unincorporated association of retail merchants doing business in the City of Dallas and belonging to the Dallas Chamber of Commerce. It is a voluntary nonprofit organization which has operated since 1922 as a division of the Dallas Chamber of Commerce. The purpose of the Association is to carry on such activities and to perform such functions as its Board of Directors may decide upon in order to render service to its members and to promote goodwill in their behalf. It does not engage in the collection business.

Appellant, defendant in the trial court, is an individual, doing business as Retail Merchants Association of Dallas. His business is the collection of delinquent accounts in behalf of retail merchants. Defendant has used the above trade-name since 1948. In 1949 he registered it with the County Clerk of Dallas County.

Plaintiff filed suit April 18, 1952, alleging that it had built up prestige and had become prominently identified in Dallas with the name Dallas Retail Merchants Association by continuous use of the name since 1922; that defendant by adopting and using the name Retail Merchants Association of Dallas, had intentionally caused the public to do business with defendant in the belief that it was dealing with the plaintiff. Plaintiff asked for an injunction and $5,000 damages.

Defendant filed a plea of privilege seeking to have the case transferred to Wichita County, the place of his residence. Plaintiff's controverting plea contended that venue properly lay in Dallas County because defendant's acts constituted a trespass under subdivision No. 9 and fraud under subdivision No. 7 of Art. 1995 R.C.S., Vernon's Ann.Civ.St. art. 1995, subds. 7, 9. Defendant's plea of privilege was overruled June 5, 1952.

About two weeks later, after another hearing, a temporary injunction was granted restraining defendant from using the name Retail Merchants Association of Dallas.

The record contains much testimony and numerous exhibits to the effect: Plaintiff

over the years has built up a good reputation as the representative in this community of retail merchants; plaintiff and also the Better Business Bureau of Dallas have received many telephone calls and letters showing confusion in the minds of the inquirers as to whether defendant is the same as plaintiff, or is affiliated with plaintiff; plaintiff's manager had talked to defendant about this confusion and defendant told him he had registered the name and that he had a right to use it; defendant has used the trade-name "The Credit Bureau," "Co-operative Credit Service of Texas," and others in selling collection service franchises over the State of Texas —his letter-heads showing affiliation with "Retail Merchants Association of Dallas." Defendant testified that his reason for doing this is obvious:—it showed he had a connection with and was handling accounts for the "Retail Merchants' Association;" defendant has advertised extensively in newspapers and the telephone book; defendant has had calls in regard to trade days, store-closing hours and other inquiries, which is the type of information dispensed by plaintiff as part of its service, and in such cases defendant has always referred the inquirers to plaintiff.

Defendant says there is no evidence of fraud or of trespass in this case, inasmuch as he has a right to use the name in question by reason of having registered it in compliance with Art. 5924, R.C.S., and having used the name for more than four years. We overrule the contention. Priority in adoption and use of trade-names confers a superior right to the use thereof. We think the infringer would be guilty of a trespass within the meaning of Art. 1995, subdivision 9, R.C.S. The prior user may restrain its use by another, though the latter may have registered the name in the assumed name records. Russ v. Duff, Tex. Civ.App., 49 S.W.2d 905; Dilworth v. Hake, Tex.Civ.App., 64 S.W.2d 829 (error dis.).

Defendant says further that fraud is not the basis of plaintiff's cause of action but is merely incidental thereto, hence Art. 1995, subdivision 7, does not apply. This contention is also overruled. Unfair competition is predicated upon fraud. Dixiepig Corporation v. Pig Stand Co., Tex.Civ.App., 31 S.W.2d 325.

It has often been held in cases involving unfair competition that though geographical names and words of ordinary usage are not susceptible of exclusive appropriation, they may, in certain combinations of words, become so associated in the public mind with the business, goods, or services of some one person as to acquire a secondary meaning; in which case no other person may use the same or similar combination of words without clearly indicating that his business, goods, or services are not the same as those with which such terms have become associated. 41 Tex.Jur. 389; 52 Am.Jur. 553, 554.

However, defendant asserts in his points Nos. 3 and 7 that since he and plaintiff are in noncompeting lines of business, his use of the name involved cannot constitute unfair competition. The authorities are in conflict as to whether competition in the same line of business is a necessary element of "unfair competition." Most of the older cases hold that it is. Many of the more recent cases hold that it is not. An annotation, giving authorities on both sides, will be found in 148 A.L.R., pp. 12–125. We have not been cited a Texas case directly in point. Aultz v. Zucht, Tex.Civ.App., 1919, 209 S.W. 475 (writ not applied for), cited by appellant, holds that partners did not lose their right to protect their trade-name against use by competitors merely because they had permitted their trade-name to be used by a noncompeting corporation organized by themselves.

In our opinion a person or association may, under some circumstances, be entitled to injunctive relief against a later user of the same or a similar trade-name although the parties are not in competing lines of business. It is not easy to lay down any general rule to apply in such cases, because circumstances vary and each case must be judged by its own circumstances. We think the gravamen of the matter is this: Whether a fraud was perpetrated and whether the complainant

suffered or will probably suffer harm. Equity abhors fraud; and in keeping with its well known maxim that no wrong shall be without a remedy, we think that where it is shown that there has been, or will be harm, equity will not withhold its aid merely because the victim of the fraud happens not to be in a competing line of business with the wrongdoer.

We believe that the circumstances in the present case should be tested at a trial on the merits by the rule stated in 148 A.L.R. 56: "The doctrine is applicable not only where by the acts of the infringer customers are misled to believe that the infringer's goods, services, or business are the complaining party's, but also where the impression is created that the complaining party has sponsored, or approved or is in any way connected with the activities of the infringer, or that the latter is affiliated with, or a part or a branch and subsidiary of the former." Among the cases supporting the principle are Vogue Co. v. Thompson-Hudson Co., 6 Cir., 300 F. 509, writ denied 273 U.S. 706, 47 S.Ct. 98, 71 L.Ed. 850; Lady Esther, Ltd. v. Lady Esther Corset Shoppe, 317 Ill.App. 451, 46 N.E.2d 165, 148 A.L.R. 6; Colorado National Co. v. Colorado National Bank, etc., 95 Colo. 386, 36 P.2d 454; Vickers, Inc. v. Fallon, D.C., 48 F. Supp. 221; Thomas Patrick, Inc. v. KWK Inv. Co., 357 Mo. 100, 206 S.W.2d 359; Kay Jewelry Co. v. Kapiloff, 204 Ga. 209, 49 S.E.2d 19, 23.

In the last cited case it is said, "The good will and reputation of a business is as much an asset as its physical properties, and it may as well be the subject of a fraudulent encroachment by an infringer."

■ In his fifth point on appeal defendant says that the trial court erred in granting a temporary injunction because the status quo was thereby changed. It has often been held that it is the purpose of a temporary injunction merely to preserve the status quo of the parties until the court can reach the case for trial on the merits of the controversy. The court's discretion should be exercised against the granting of a temporary injunction which would change the status quo. Perry v. Stringfellow, 134 Tex. 328, 134 S.W.2d 1031 (Comm. of App. opinion adopted); Terry v. City of Dallas, Tex.Civ.App., 175 S.W.2d 97; 24 Tex.Jur. 123.

■ Status quo has been defined by this Court and others as "the last actual, peaceable, noncontested status of the parties to the controversy, which preceded the pending suit, and which should be preserved until a final decree can be entered." Terry v. City of Dallas, Tex.Civ.App., 175 S.W.2d 97, 98.

In the case of Perry v. Stringfellow, supra, the controversy involved the rights of the parties to pasture their cattle on a tract of land. The defendant Perry for some years before suit was filed had pastured a considerable number of cattle on the tract. A temporary injunction was granted plaintiff forbidding defendant to pasture more than three head of cattle. In an opinion adopted by the Supreme Court, the Commission of Appeals held that the order must be reversed because it disturbed the status quo.

The facts in Terry v. City of Dallas, supra, were that the City had obtained a temporary injunction to restrain appellant from operating a used parts and automobile wrecking business in a district zoned for dwellings. The case was not decided on the issue of nonconforming use. Appellant acquired the property in 1937, but his predecessor had operated the same kind of business at the location since 1932. The City did not challenge appellant's right to operate his business there until 1938, and did not file suit until 1942. This Court reversed the order granting the temporary injunction on the ground that it destroyed the status quo of the parties.

■ In the case before us the defendant used the name in question for more than four years before suit was filed. Other than the one telephone conversation between plaintiff's manager and defendant sometime before suit was filed, defendant's four-year use of the name appears to have been "actual, peaceable, and non-

contested." We believe the principle here applicable was well stated by the late Chief Justice Jones of this Court in Dallas Plumbing Co. v. Dallas County Plumbing Co., Tex.Civ.App., 253 S.W. 308: "For over a year and one-half appellee had been permitted to use the name adopted without any complaint from appellant. During that time perhaps a business had been built up connected with the name adopted. It may be that upon a final trial of the case facts might be developed that would warrant a jury in finding that appellee, in choosing the name so similar to the name of appellant, was guilty of unfair competition; but we do not feel warranted in advance of a trial upon the merits of the case to destroy whatever appellee had built up by reason of the name adopted, * * *."

We recognize that there are a few exceptional instances when a temporary injunction will be granted, though it changes the status quo. However, this case as we see it, does not come within any of the exceptions.

For the reasons given, the order overruling the plea of privilege is affirmed.

The order granting the temporary injunction is reversed, and judgment here rendered denying a temporary injunction on the record made herein.

### On Motions for Rehearing.

Both parties have filed motions for rehearing. Some of the points urged on rehearing have caused us to suspect that our opinion may have been misunderstood in one particular.

We did not undertake to make a finding of fact that appellant had or had not committed a fraud. That issue was for the trial court and must be determined again finally at a trial on the merits. We did hold that appellee at the hearing on the plea of privilege presented testimony which as a matter of law was sufficient to uphold the trial court's implied finding of fraud for venue purposes. Texas Employers' Ins. Ass'n v. Shelton, Tex.Civ. App., 237 S.W.2d 719 (syllabus 5); Reese v. Phillips, Tex.Civ.App., 233 S.W.2d 588.

The motions for rehearing are overruled.