AERO SERVICES, INC., Appellant,

v.

AERO SERVICE CORPORATION, Appellee.

No. 1336.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 9, 1976.

Jerry W. Bussell, Engel, Groom, Miglicco & Gibson, Houston, for appellant.

Ben L. Reynolds, James Patrick Cooney, Royston, Rayzor, Vickery & Williams, Houston, for appellee.

CIRE, Justice.

This is an appeal from the granting of a temporary injunction. The suit was originally instituted by appellant Aero Services, Inc. seeking to enjoin appellees from conducting business in Texas under the names "Aero Services", "Aero Service", "Aero Services Division", or "Aero Service Division". Appellee answered by way of counterclaim that it is the owner of the service mark "Aero Service", registered in the United States Patent and Trademark Office, and of the trademark "Aero", registered with the Secretary of State of Texas, and has used the name "Aero Service" in Texas since the year 1940. Appellee sought to enjoin appellant from using the symbols "Aero Service" or "Aero Services" in Texas.

After separate hearings on each party's motion, the trial court granted the temporary injunction prayed for by appellee.

The record reflects that appellee was originally incorporated in 1919 in Delaware as "The Pennsylvania Aero-Service Corporation", and changed its name in 1920 to "Aero Service Corporation". In November, 1961 Aero Service Corp. was acquired by Litton Industries, Inc. Under that agreement Litton acquired Aero's right to the use of the corporate name "Aero". In June, 1974 Aero Service Corp. was merged with Western Geophysical Co. of America, another subsidiary of Litton Industries. The company headquarters was moved to Houston, where it now conducts business under the name "Aero Service" or "Aero Service Division" of Western Geophysical Company. The company engages in the business of making aerial maps and surveys.

Appellant was issued a certificate of incorporation in Texas on August 1, 1961 under the corporate name "Aero Services, Inc." and engages in the business of supplying repair parts for jet aircraft. The parties are not in competition with each other.

The record reflects, and the trial court found, that appellee has used the name "Aero Service" in Texas since at least the early 1950's. Portions of the deposition of Harry Bradley, appellant's president, were introduced at the hearing in which Mr. Bradley testified that he had had knowledge, "back in the '50's" that appellee was operating in Texas under the name "Aero Service". It is also clear that appellant has used the name "Aero Services, Inc." in Texas for approximately 14 years.

Appellee offered no proof at the injunction hearings of any harm which has resulted to appellee by virtue of appellant's use of its corporate name. Appellant offered evidence that there had been some confusion in mail and telephone service, but did not show any harm to appellant other than the resulting inconvenience.

It is clear that appellant used its corporate name for approximately thirteen years before this suit was filed, and that appellee has used the name "Aero Service" for an even longer period. Both parties have built their businesses on the use of their respective names. We feel that appellant's "actual, peaceable, and non-contested" use of its corporate name for thirteen years could not equitably be interrupted now by a temporary injunction, especially on a showing of such little, if any, harm to either party. *Burge v. Dallas Retail Merchants Association*, 257 S.W.2d 733, 736–37 (Tex.Civ.App.—Dallas 1953, no writ); *see Dallas Plumbing Co. v. Dallas County Plumbing Co.*, 253 S.W. 308 (Tex.Civ.App.—Dallas 1923, no writ).

The judgment of the trial court is reversed, and judgment is here rendered denying the temporary injunction.

Reversed and rendered.

COULSON, J., dissents.